IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DREW TURNER,**

          **Petitioner,**

    v.               CASE NO. 10-3250-RDR

**WARDEN, USP-LEAVENWORTH,**

          **Respondent.**

MEMORANDUM AND ORDER

  This matter is a petition for habeas corpus filed by a prisoner in federal custody. Petitioner seeks relief from an administrative disciplinary determination alleging a denial of due process and insufficient evidence. The court has considered the record and concludes he is not entitled to habeas corpus relief.

**Background**

  Petitioner is incarcerated in the satellite camp at the United States Penitentiary, Leavenworth, Kansas. On September 13, 2009, a Correctional Counselor at the facility discovered petitioner had contacted an unauthorized party, namely, his mother through the inmate telephone system. (Doc. 4, Attach. 1, Potts. declar. ¶ 12, Ex. G.)

  Staff monitored the phone call pursuant to procedure and heard this exchange between the parties to the call:

Petitioner: "I found a way around them."

Other party: "I don't think this is a real good idea. This is going to cause me problems if you're not supposed to call me and you go around them. It will cause me problems. I did not give you this telephone number." *Id*.

The Counselor prepared an incident report the same day charging petitioner with violations of Codes 406/327 Unauthorized Use of Phone/Unauthorized Contact with Public. *Id*., Potts declar. ¶ 13. The report included the date and place of the incident, the specific charges and the Code sections violated by the petitioner's conduct, and a detailed summary of the incident. *Id*.

The incident report was given to petitioner on September 13, 2009. *Id*., Potts declar. ¶ 14. On September 24, 2009, the report was changed to modify the Code sections and incident charge to a violation of Code 297, Phone Abuse Other Than Criminal Activity. *Id*., Potts declar. ¶ 15. Petitioner received a copy on the same day. *Id*., Potts declar. ¶ 16.

Staff began to investigate the matter on the same day, and petitioner denied misconduct, stating he had used the proper procedures. The matter was forwarded to the Unit Discipline Committee. *Id*., Potts declar. ¶ 17, Ex. H.

Petitioner appeared before the UDC on September 28, 2009, and stated that the phone number in question belonged to his son. He explained that his mother answered, and he spoke to her and his son before hanging up. The UDC referred the incident to the Discipline Hearing Officer (DHO) for additional consideration. *Id*., Potts declar. ¶ 18, Ex. G.

After this referral, the incident was reviewed by the Bureau of Prisons' North Central Regional Office DHO assigned to the hearing. After that review, the DHO asked that the report be rewritten to provide petitioner with additional notice of the prohibited conduct. *Id.*

On October 26, 2009, the Correctional Counselor rewrote the incident report. The rewritten report contained additional explanation concerning the removal of petitioner's mother's telephone number because she is a retired BOP employee, the instructions petitioner received from the prison administration that he was not to add his mother's number to his telephone list, how petitioner placed the number on the list with another name, the statements made during the monitored conversation, and the fact that the number is listed for his mother's spouse, a BOP employee. The revised incident report also explained that the petitioner's placement of the call to a number belonging to his motion is the ground for the higher level misconduct charged. *Id.*, Potts declar. ¶ 20, Ex. I.

The revised report was given to petitioner on October 27, 2009 *Id.*, Potts declar. ¶ 21, and the matter was investigated by staff on October 27 and 28, 2009.

The matter was forwarded to the UDC for additional review, and petitioner appeared before the UDC on October 30, 2009. At that time, petitioner stated that the number was to a cell phone belonging to his son, and that his sister gave him the number. The UDC referred the matter to the DHO. *Id.*, Potts declar. ¶ 23.

3

Petitioner received notice of a hearing and of inmate rights at a discipline hearing on October 30, 2009. *Id.*, Potts. declar. ¶ 24, Exs. K-L. Petitioner signed both documents, and did not request staff representation or any witnesses. *Id*.

The hearing before the DHO was conducted on November 10, 2009. The DHO noted petitioner's receipt of advance notice of the charges and his due process rights, and petitioner stated he understood those right, did not intend to submit documentary evidence, and that he did not seek representation or witnesses. *Id.*, Potts declar. ¶ 25, Ex. M.

At the hearing, petitioner stated he called the number to speak to his son, that staff removed some numbers from his telephone lists, and that his sister gave him the number in question so that he could contact his son. *Id.*, Potts declar. ¶ 26, Ex. M.

The DHO found that the evidence showed petitioner was guilty of the charge based upon the reporting officer's written report, petitioner's statements during the telephone call, and his acknowledgement that staff notified him that he was not to contact his mother by telephone or mail. The DHO found petitioner's statements of innocence were not credible due to his statements during the telephone call. The DHO imposed sanctions of disallowance of 27 days of good conduct time, and loss of commissary, telephone, and visitation privileges.

Petitioner was given verbal notice of the decision and he subsequently received a written report prepared on February 10, 2010. *Id.*, Ex. M.

4

**Discussion**

A prisoner is entitled to due process before good time credits may be revoked. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A prison disciplinary proceeding provides adequate due process where the prisoner receives (1) written notice of the violation no less than 24 hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence where this is consistent with institutional safety and penological goals; (3) a written decision of the evidence and reasons supporting the decision. *Wolff*, 418 U.S. at 563-66, 571. Due process requires that "some evidence" in the record support the decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

The record in this matter is well-documented and clearly shows that petitioner received appropriate due process protections as outlined in *Wolff*. He had notice of the conduct supporting the disciplinary report and of his rights at the administrative hearing. He appeared at the hearing and gave a statement and waived the opportunity to call witnesses or to have a staff representative, and he received a written statement explaining the decision against him and the evidentiary support for it.

Finally, the court finds that the record contains ample evidence to support the conclusion of the DHO, as petitioner's comments during the monitored telephone call are reasonably understood as an admission of the conduct charged. Moreover, while petitioner contends that he did not understand that he was not to

5

contact his mother, the record does not support this position. The rewritten incident report prepared on October 27, 2009, shows that petitioner was advised that he could not place his mother's telephone number on the list of authorized contacts:

> The inmate was told by the Executive Assistant that he was not allowed to add his Mother's phone number to his telephone list. A short while after the inmate was placed on notice, he submitted phone number ... with a name other than his Mother's name. (Doc. 4, Ex. I.)

Petitioner's statement at the hearing reflects his awareness of the telephone restriction:

> I have never had a shot in five years. I have always been able to go in and talk and work something out. My mom even sent me money here and they didn't kick that back. They just took her off my phone and visits, and told me I can't write to her. (*Id.*, Ex. J.)

Accordingly, the court concludes petitioner is not entitled to relief in this habeas corpus challenge to the disciplinary action arising from his telephone contact with his mother.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed and all relief is denied.

IT IS FURTHER ORDERED respondent's motion to strike traverse (Doc. 6) and petitioner's motion to expedite (Doc. 9) are denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED:  This 13th day of January, 2012, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

7